ALBANY,
Oct. 1825.

Smyth
v.
Bradstreet

SMYTH *against* BRADSTREET.

A commissioner to make partition under the act for partition of lands, (1 R. L. 507,) cannot maintain a suit for his fees, or compensation, till taxed by the court. In an action by a commissioner, under the act, for his fees and disbursements, his co-commissioner is not a competent witness for the plaintiff. Whether the commissioners must join, or sever in their action for fees, or disbursements? Quere. And see the authorities as to the claim being joint, the necessity of joinder, and the consequences of nonjoinder, fully collected by A. Burr, arguendo, for the defendant. In partition, under the act for the partition of lands, (1 R. L. 507,) the amount of compensation to the commissioners must be determined by the court, (as per 1 R. L. 512, s. 9.)

ASSUMPSIT, tried at the Delaware circuit, September 2d, 1823, before NELSON, C. Judge.

The declaration contained the usual money counts, and counts for work, labor, care, diligence, and materials found, &c.

At the trial, the plaintiff proved certain services performed by himself and Bartlett, Peak and Bostwick, commissioners in several causes at the suit of the *defendant*, for the partition of lands, prosecuted in this Court, who granted rules appointing them for that purpose, certified copies of which were served on them by the defendant; that three dollars per day would be a reasonable compensation; and one dollar per day for expenses, and various disbursements to flagmen, &c. Bostwick and Peak were offered as witnesses for the plaintiff. They were objected to; but the objection was overruled, and they were sworn.

The defendant's counsel moved for a nonsuit, on these, among other grounds : 1. That the commissioners could not maintain separate suits; 2. That they could not recover upon a *quantum meruit ;* but their fees should be fixed by the Court. The Judge overruled the motion, and the jury found for the plaintiff.

*A. Burr,* for the defendant, now moved for a new trial on these points among others : 1. That the commissioners could not maintain separate suits; 2. One commissioner was not a competent witness for the other, relative to their fees or expenses ; 3. The compensation of the commissioners could not be recovered in an action upon a *quantum meruit ;* but must be adjudicated and fixed by the Court.

To the first point, he cited *Decker* v. *Livingston,* (15 John. Rep. 482 ;) 1 Tidd. Pr. 8; 1 Chit. Pl. 3, 5, 6, 7, 9 ; *Dob* v. *Halsey,* (16 John. Rep. 40 ;) 2 Str. 820 ; 1 Saund.

ALBANY,
Oct. 1825.

Smyth
v.
Bradstreet

163 ; 1 Dunl. Pr. 34 ; *Eccleston* v. *Clipsham*, (1 Saund 153, and note (1) ;) *Anderson* v. *Martindale,* (1 East, 497 501 ;) *Hill* v. *Tucker*, (1 Taunt. 7 ;) *Townsend* v. *Neal*, (2 Campb. Rep. 190 ;) 1 Roll. Abr. 31, pl. 9 ; *Vaux* v̇ *Steward*, (Styles, 156. 7 ;) *Vaux* v. *Draper*, (id. 203 ;) 2 Saund. 116, *b*, (1); *Thimblethorp* v. *Hardesty*, (7 Mod. 116 ;) *Rolle* v. *Yates*, (Yelv. 177 ;) *Savile* v. *Roberts*, (1 Ld. Raym. 380 ;) *Graham* v. *Robertson*, (2 T. R. 282 ;) 1 Chit. Pl. 6, note (*y*) ; *Southcoat* v. *Hoare*, (3 Taunt. 87 ;) *Philips* v. *Bonsall*, (2 Binn. Rep. 138, 143 ;) *Dunham* v. *Gillis*, ( 8 Mass. Rep. 462 ;) *Ziele* v. *Campbell's exrs*. (2 John. Cas. 384 ;) Co. Litt. 180, *b* ; Bac. Abr. *Joint Tenancy*, (K) ; *Scott* v. *Godwin*, (1 B. & P. 73 ;) 1 Chit. Pl. 10 ; 15 John. Rep. 433, per Cur.

As to the second point, 16 John. Rep. 92, 95, per Cur. *Swift* v. *Dean*, (6 John. Rep. 523 ;) *Gage* v. *Stewart*, (4 John. Rep. 293 ;) *Butler* v. *Warner*, (11 id. 57 ;) *Maynard* v. *Webb*, (16 id. 92 ;) *Emerton* v. *Andrews*, (4 Mass. Rep. 653.)

As to the third point, *Andrews* v. *Montgomery*, (19 John. Rep. 192 ;) 1 Chit. Pl. 94 ; *Scott* v. *Elmendorf*, (12 John. Rep. 318 ;) *Virany, exr.* v. *Warne*, (4 Esp. Rep. 47 ;) 1 R. L. 510, s. 6 ; id. 512, s. 9.

*S. Sherwood* and *A. Parker*, contra, cited 5 John. Rep. 252 ; 9 id. 114 ; 15 id. 260.

*Curia*, per WOODWORTH, J. The plaintiff declared in assumpsit, for work, labor, and services, as a commissioner in the partition of lands ; and for money and materials provided. At the trial, an account was exhibited, containing a charge for services, at three dollars per day ; and one dollar per day, for expenses ; and such other advances as had been made for the hire of flagmen, &c. The plaintiff proved by one of the commissioners, the services performed, and moneys paid, and that three dollars per day was reasonable. The defendant objected to the evidence ; but the objection was overruled, as was also a motion for a nonsuit ; and there was a verdict found for the plaintiff.

The services had been so far performed as to entitle the plaintiff to payment; but the question is, whether he has not prematurely resorted to this action.

The 9th section of the act, (1 R. L. 512, s. 9,) declares that the commissioners shall be allowed such sum for their services as the Court shall direct, which shall be paid by the petitioners; and shall be allowed as part of the costs, to be taxed. The manner of obtaining payment, then, is prescribed by the statute. That refers the *quantum* of compensation to the Court in which the proceedings are had. If so, the amount is not a proper subject of liquidation by a jury. If the plaintiff in the partition should tax her costs, to enable her to obtain contribution from the several owners, for the expenses incurred, she would not be authorized by the act to insert in the bill the damages found by the verdict; but would be confined to the allowance made by the Court. The proper course is, for the commissioners to apply to the Court, who, under the act, would certify the sum to be allowed. After this, the defendant would be liable to an action; and the amount allowed by the Court would be the measure of damages. Whether, in that case, the commissioners must join, or might sever in their actions, is not a point now necessary to be decided.

There is also an objection to the competency of the witnesses produced. One commissioner was called to prove not only the services of his fellow commissioner, but the money paid for flagmen, &c. The money thus paid by the plaintiff, in this cause, was a charge, for which the other commissioners were holden to contribute a proportion; for the money paid to the men employed, must be considered as paid for the benefit and assistance of all the commissioners; and, from the nature of the trust, the employment must be presumed to have been by the assent of all. It follows that Bartlet and Bostwick were interested in this part of the demand; for if the plaintiff succeeded, by their testimony, in recovering the disbursements, they thereby became exonerated. The commissioners proved a fact which they had a direct interest to establish. The law on this point is well settled. (*Marquand* v. *Webb*, 16 John.

Rep. 92. *Gage* v. *Stewart*, 4 id. 293. *Butler* v. *War-ren*, 11 id. 57. *Emerton* v. *Andrews*, 4 Mass. Rep. 653.

I am of opinion, that the verdict should be set aside, and a new trial granted, with costs to abide the event.

New trial granted.